IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY GIRALDES,                               No. CIV S-06-2277-MCE-CMK-P

        Plaintiff,

   vs.                                                    ORDER

ROCHE, et al.,

        Defendants.

                                 /

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are: (1) plaintiff's motion for appointment of counsel (Doc. 57); and (2) plaintiff's motion for an extension of time to file a reply brief (Doc. 59).

        As to plaintiff's request for the appointment of counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the

court does not at this time find the required exceptional circumstances.  Specifically, plaintiff states that he requires the assistance of counsel because this case involves "an assessment of the adequacy of the [medical] treatment given by defendants."  Counsel is not required because adequacy of medical treatment is not relevant under the Eighth Amendment.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

As to plaintiff's request for an extension of time, plaintiff states that an extension is required in order to allow counsel to be appointed.  Because counsel is not being appointed, the extension is not necessary.

By separate findings and recommendations, the court will rule on the pending cross-motions for summary judgment.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel (Doc. 57) is denied; and
2. Plaintiff's request for an extension of time (Doc. 59) is denied.

DATED: December 20, 2007

*Craig M. Kellison*
_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE