IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GIRALDES, | No. 2:06-cv-02277-MCE-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| ROCHE, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

On December 28, 2007, the magistrate judge filed findings and recommendations herein which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within 20 days. Timely objections to the findings and recommendations have been filed.

///

///

///

1

In his cross-motion for summary judgment and in his objections, plaintiff argues the magistrate judge erred in concluding that plaintiff could not prevail because he was given treatment and not ignored. Plaintiff relies on Greeno v. Daley, in which an inmate raised Eighth Amendment claims against prison officials because they allegedly failed to adequate respond to his vomiting and severe heartburn. See 414 F.3d 645, 648 (7th Cir. 2005). As in the present case, the defendants in Greeno did not dispute that the plaintiff suffered a serious medical condition for Eighth Amendment purposes. See id. at 653. Also like the present case, the dispute turned on the subjective component of the Eighth Amendment claim. See id. Plaintiff puts enormous emphasis on the following from Greeno:

> Although it is true that neither medical malpractice nor a mere disagreement with a doctor's medical judgment amounts to deliberate indifference (citations omitted), to prevail on an Eighth Amendment claim "a prisoner is not required to show that he was literally ignored."

Id. (quoting Sherrod v. Lingle, 223 F.3d 605, 611 (7th Cir. 2000)).

In Greeno, the Seventh Circuit held that an Eighth Amendment exists even where the inmate is given treatment where that "treatment . . . was 'so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate' his condition." Id. at 654 (quoting Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996)). The court concluded that summary judgment was not appropriate in Mr. Greeno's case because "a jury could conclude that [defendant] was deliberately indifferent to Greeno's deteriorating medical condition . . . [because defendant] failed to respond to Greeno's persistent requests for a bland diet or acknowledge his repeated contentions that the Maalox was not giving him any relief." Id. There was also a factual dispute as to whether the prison doctor's refusal over a two-year period to refer Greeno to a specialist constituted deliberate indifference. See id. In particular, the Seventh Circuit noted the prison doctor's "emphatic ban on treatment for Greeno." Id.

///

///

Plaintiff's case is distinguishable from Greeno. Specifically, defendants have presented evidence that: (1) plaintiff was provided extra meal portions; (2) plaintiff was provided medication to reduce his stomach acid; (3) plaintiff was provided pain medication; and (4) plaintiff was referred to specialists for further treatment. Therefore, unlike Greeno, defendants did not fail to respond to plaintiff's condition nor did they refuse to refer plaintiff to a specialist.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed December 28, 2007, are adopted in full;

2. Defendants' motion for summary judgment (Docs. 26 and 27) is granted;

3. All other pending motions, requests, and objections are denied as moot; and

4. The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff and to close this file.

Dated: February 1, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE